## Chaplin *against* Srodes.

A mistake in a superadded descriptive clause in a recital of title in a deed, intended for purposes of individuation only, and not to define boundaries, shall not prejudice a more particular description of the property conveyed, which it was not intended to assist.

ERROR to the district court of *Alleghany county.*

Harriet Chaplin against William Srodes, John Finney and M. Wilson. Ejectment for part of lot No. 156 in the city of Pittsburgh.

The plaintiff was the granddaughter of general John Neville, and was seised of lot No. 156 in the city, bounded by Water street, Ferry street, Front street and lot No. 155, being sixty feet wide in Front street and Water street, by one hundred and sixty feet deep.

The end of the lot fronting and bounding on Front street, sixty feet on the same by forty-six feet deep, she held by deed from William Amberson, dated the 20th of November 1805: the remainder and larger portion of the lot she held by demise from her grandfather Neville, viz. sixty feet front on Water street by one hundred and fourteen feet deep.

On the 13th of April 1812 John Chaplin and Harriet his wife, by their deed of mortgage, conveyed to George Evans—describing the property conveyed or mortgaged as follows: "all that lot of ground situate in the borough of Pittsburgh, No. 156 in Wood's plan, bounded by lot No. 155, by Water street, Ferry street and Front street, *it being the same lot of ground* which was devised by the last will and testament of general John Neville, duly recorded, to Harriet Craig, now Harriet Chaplin."

On this mortgage the property therein described was sold by due process of law to David Logan in November 1822.

Logan took possession of the whole lot soon after the sale, having received it from John Chaplin, who continued to reside on the lot till possession was taken after the sale by Logan.

Logan soon after built three two-story brick houses on the part now in dispute. Defendants hold under him. John Chaplin died in the year 1827, in Pensacola.

The question was, whether the plaintiff could recover that portion of lot No. 156, bounded on Front street sixty feet by forty-six feet on Ferry street, which was conveyed to her by William Amberson by deed as already recited; which depended upon the construction to be given to the description of the property contained in the mortgage, whether the part purchased from Amberson was included or intended to be conveyed.

The court below (Grier, President) was of opinion that the plain-

[Chaplin v. Srodes.]

tiff was not entitled to recover, and instructed the jury to find accordingly. Verdict for defendants.

*M'Candless* and *Shaler*, for plaintiffs in error, cited, 4 *Coke's Rep.* 50; *Shep. Touch.* 249; 3 *Bacon's Ab.* 389, *tit. Grant*; 1 *Coke's Rep.* 519 ; *Cowp.* 9; 7 *Cranch* 49.

*Forward*, for defendant in error, cited, 3 *Chan. Ca.* 101 ; 4 *Com. Dig.* 165; 14 *Vin.* 96; *Shep. Touch.* 76, 246; 16 *Serg. & Rawle* 398.

PER CURIAM.—The superadded descriptive clause was not intended to define the boundaries of the grant, but to individuate the subject of it. The boundaries were precisely defined before; and where that is the case a mistake in a recital, for purposes of individuation only, shall not prejudice what it was not intended to assist. The very case at bar is put in the *Touchstone*, p. 248. " If one grant twenty loads of wood, and say in his grant, ' of which twenty loads I had sixteen by the grant of my father, J. S.,' and in truth J. S. did not grant any wood to him, or did not grant unto him sixteen loads only, this is a good grant of the twenty loads notwithstanding the false recital. Such a recital is superfluous, for it cannot add to the specification of quantity; and it is of secondary importance that the grantee know the person from whom the grantor had the thing." So here the quantity of the subject had been as precisely defined by reference to the streets on which it butted as it could possibly be by course and distance; and the evident mistake of the scriviner in deducing the title—a thing unessential to the operative words of the grant, in which there was no mistake and in which one could not have passed uncorrected—cannot prejudice the more particular description of the property conveyed.

　　Judgment affirmed.